PITTMAN, Judge,
dissenting.
I respectfully dissent. In this case, under our law, the burden of proving improper venue is on the petitioners, and a petition for a writ of mandamus should not be granted unless there is a clear showing of error on the part of the trial judge. See Ex parte Scott Bridge Co., 834 So.2d 79, 80-81 (Ala.2002). The termination-of-log-agreements document states that various third-party entities had agreed to supply and sell to IP (and later Chapman) “logs and other wood products for use by IP [and later Chapman] at certain of its saw mills and wood product facilities,” including the Butler County facility. Further, the memorandum of the log-supply agreement was “recorded in every county where timberlands are situated which are subject to the Log Agreements ” (emphasis added). The inference that can properly be drawn, and the one that we should accept in reviewing the petitions for the writ of mandamus, is that there would have been no need to record the log-agreement memorandum in Conecuh County if IP (and later Chapman) was not to be supplied any logs that came from Conecuh County under the agreements originally entered into by IP.